## SETTLEMENT WITH DEBTOR HEIR.

Circuit Court of Cuyahoga County.

AUGUSTA C. LOCKWOOD, AUGUSTA L. WHITLESEY AND CHARLES H. WHITLESEY v. GRANT T. WHITLESEY, NELLIE H. WHITLESEY, AUGUSTUS M. WEBER AND THE COMMERCIAL NATIONAL BANK OF CLEVELAND.

Decided, December 2, 1912.

*Inheritance—Action to Quiet Title—Debtor Heir Does Not Inherit When His Debt Exceeds His Distributive Share—Action to Quiet Title Against Claim of Debtor Heir Maintainable.*

1. A debtor heir, who makes claim for distribution, is required to account to the estate for the debt he owes, the amount he is to receive depending on the accounting, and where his indebtedness to the estate exceeds his distributive share in the estate, he inherits no interest in the real estate.
2. When the distributive share of a debtor heir is less than the amount which he owes to the estate, an action to quiet title may be maintained by the other heirs to the real estate, to remove any cloud upon the title through the claim of the debtor heir or anyone claiming under him.

*Carpenter, Young & Stocker,* for plaintiffs in error.
*Wing, Myler & Turney,* contra.

MARVIN, J.; WINCH, J., and NIMAN, J., concur.

This action was brought by the plaintiffs originally against Grant T. Whitlesey alone, the other defendants having been made such during the pendency of the suit.

The purpose of the action is to quiet the title of the plaintiffs in certain real estate described in the petition. This real estate was owned by Harriet T. Hanford at the time of her death, which occurred on the 19th day of May, 1910. She died intestate. Her only heirs at law were the plaintiffs and the defendant, Grant T. Whitlesey. The other defendants have no rights in this action except as they obtained the same through Grant T. Whitlesey. But for other facts to be hereinafter stated, the

defendant Grant T. Whitlesey would have inherited from the said Harriet T. Hanford an undivided one-sixth part of the said real estate, the plaintiffs together inheriting the remaining five-sixths.

The plaintiffs were in possession of all of said real estate at the time the action was brought. When Mrs. Hanford died she left personal property out of which all her debts have been paid, so that the title of the plaintiffs is in nowise affected by any such debts.

At the time of the death of Harriet T. Hanford the defendant Grant T. Whitlesey was indebted to her in the aggregate sum of about $3,500, no part of which has ever been paid. If there be added to the value of the real estate described in the petition the amount of the indebtedness of Grant T. Whitlesey to her, and further added the amount of all her other property after the payment of her debts and the expense of administering her estate, and the amount thus ascertained be divided by 6, it will be found that the indebtedness of said Grant T. Whitlesey to the said decedent is more than his one-sixth part of the entire estate.

Before the death of Harriet T. Hanford said Grant T. Whitlesey filed his petition for adjudication in bankruptcy in the United States District Court of this district, and he was adjudged a bankrupt. He has never, however, been discharged in bankruptcy. His indebtedness to the decedent antedated his adjudication as a bankrupt, but as he was never discharged, that in no wise affects his rights, or the rights of those claiming under him in this proceeding. And that brings us to the question of whether he inherited any fractional part of this real estate.

He did inherit one-sixth of whatever estate the decedent left, and but for his indebtedness to her this would have given him a good title to an undivided one-sixth of this real estate, but having already received from her, as shown by his indebtedness, more than one-sixth of her estate, he inherited nothing in this real estate. That is the claim of the plaintiffs, and that we hold to be the law.

We have read with great interest the elaborate and learned opinion prepared by the judge of the court of common pleas who

heard this case, and who reached a conclusion different from that which we reach, but we are constrained to hold that the conclusion reached is not sound.   The question is made in the case that the effort on the part of the plaintiffs is to acquire a title to real estate and not to quiet a title which they already have.   If what has already been said is true, this contention is not sound.   When Harriet T. Hanford died somebody immediately became the owner of this real estate; somebody immediately had title to it. It is not essential to this proposition that all the facts should have been known at the time of her death which would fix this inherited title in particular persons, but whenever the facts became known which determined who the particular persons are to whom the title descended from the intestate, we then have the means of knowing who was entitled to hold and own this real estate. Those facts have become known and are as hereinbefore stated, that the plaintiffs together became the owners of five-sixths of all the estate which the intestate left, whether personal or real, and that the defendant, Grant T. Whitlesey, became the owner of one-sixth of all that estate, and that the defendant Grant T. Whitlesey had already received more than his one-sixth part of said estate and therefore took no estate in these lands.   But the fact that he is an heir at law of the intestate, and that there had not been, prior to the bringing of this suit, any adjudication that his inheritance was all covered by the amount of his indebtedness to the decedent, constituted a cloud upon the title of the plaintiffs, which cloud it is the proper office of a suit to quiet title to remove.

Section 11901, General Code, reads:

"An action may be brought by a person in possession of real property against any person who claims an estate or interest therein adverse to him, for the purpose of determining such adverse estate or interest."

Suppose that Grant T. Whitlesey had brought a suit in partition of these lands, the facts turning out to be such as they are here agreed to be.   He would not have been entitled to a partition, because it would have turned out that he had no ownership in the lands; that he never had any ownership in the lands; not

because he was not entitled to one-sixth of the estate of the intestate, but because he had already received that one-sixth; that is, that the indebtedness owing by him to the intestate must be accepted first by him on his fractional part of the entire estate, and since that indebtedness exceeded his entire one-sixth, he had no interest whatever in the real estate.

It would seem entirely unreasonable to say that he should be denied partition on the ground that he had no ownership in the property, and yet, those who have the entire ownership in the property, except only what the defendant Whitlesey had, might not maintain an action to quiet their title as against him. The court below took the position that upon the death of the intestate Grant T. Whitlesey became the owner of a one-sixh part of this land, and that this suit was to take from him that title and put it into the plaintiffs. That is not the purpose of the suit. The purpose of the suit is to have it determined that he never had an interest in the lands, and the facts establish that proposition.

Section 8586, General Code, treating of advancements, is in these words:

"If the amount of such advancement equals or exceeds the share of the heir to whom it was made, he shall be excluded from any further part in the division or distribution of the estate."

In the case of *Keever* v. *Hunter*, 62 O. S., 616, the syllabus reads:

"When the lands of an intestate descend to his children, there being no personal estate for distribution, the interest of each child in the lands is subject to his indebtedness to the intestate."

And in the opinion Judge Shauck uses this language, at pages 618 and 619:

"A proposition necessarily involved in the decision of the circuit court (which was reversed by the Supreme Court in the case now under consideration) is that in a case of this character a son who owes a debt which is payable, at all events occupies a better position than one who has received an advancement which is not payable otherwise than as it may serve to diminish his inheritance. The conclusion does not contribute to the equality of inheritance, which is made so prominent in the legislation and

the decision of this state. It is not important whether, to secure equality in cases of this character, we adopt the doctrine of equitable set-off, as has been done by some courts, or, for that purpose, regard the debt as an advancement, as has been done by others. The ground of decision is that it is inequitable and at variance with the policy defined in our statutes to permit one to share in an estate which is diminished by his default and to the prejudice of those whose rights are equal to his.''

Judge Shauck then quotes the following language from *Woerner on the Administration of Estates*, Section 71:

''The distinction between debts owing by an heir and an advancement made to him by the intestate is sharply drawn; in some states debts so owing can not be deducted from the share of the heir in the real estate, and from the personal estate only by way of set-off, but the true principle seems to be that a debt owing by an heir constitutes part of the assets of the estate, as much as that of any other debtor, for which he should account before he can be allowed to receive anything out of the other assets; and it is held so in the United States.''

To the same effect is the case of *Tobias* v. *Richardson,* 5 C.C. (N.S.), 74, which is affirmed without report in 72 O. S., 626. The last clause of the syllabus in the circuit court reads:

''A debtor heir who makes claim for distribution is required to account to the estate for the debt he owes, and the amount he is to receive will depend upon the result of the accounting. If his debt is evidenced by promissory notes, they may, in a suit for partition, be regarded as advancements.''

We reach the conclusion, therefore, that the plaintiffs are entitled to a decree quieting their title as against all the defendants, and such decree will be entered in the case.